UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Yong Nam Lim<br><br>　　　　　Plaintiff,<br>v.<br><br>Beauty Town International, Inc. and Don Park<br><br>　　　　　Defendants. | Index No.  18-cv-16972<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

　　　Plaintiff, Yong Nam Lim, through his attorneys, for his Complaint against Beauty Town Internation, Inc. and Don Park ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.　　　This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 *et seq.*; the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*; and the New Jersey Wage and Hour Regulations, N.J.A.C. §§ 12:56 *et seq.* for Defendants' failure to pay overtime compensation to Plaintiff. During the course of his employment by Defendants, Plaintiff regularly worked more than eight (8) hours per day and over forty (40) hours per week. Defendants did not pay Plaintiff overtime compensation. Plaintiff further alleges that Defendants' failure to pay overtime wages was willful and intentional.

### THE PARTIES

2.　　　Plaintiff was at all times relevant hereto employee of Defendants.

3. Plaintiff was at all times relevant hereto individual employed in the State of New Jersey by Defendants.

4. Plaintiff had at all times relevant hereto resided in the State of New Jersey.

5. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NJSA, NJAC and the implementing rules and regulations of the FLSA and NJSA.

6. Plaintiff is filing this FLSA claim as an individual action for himself.

7. For the period commencing on or about September 18, 2017, until February 9, 2018, Plaintiff Yong Nam Lim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants over eight (8) hours per day and over forty (40) hours per week. He typically started his work around 8 a.m. and ended his work at 7:30 p.m. or 8 p.m.

8. For the period commencing on or about August 9, 2018, until September 10, 2018, Plaintiff Yong Nam Lim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants over eight (8) hours per day and over forty (40) hours per week. He usually started his work at 7:30 a.m. and ended at 7:30 p.m. or later.

9. Although ostensibly the defendant gave one hour of breaktime for lunch, plaintiff was required to work during the lunch period and never rested full one hour period.

10. Additionally, plaintiff has yet to be paid for work he performed for defendant on September 10, 2018.

11. Defendants held out plaintiff as a warehouse manager but the title of manager was name only and plaintiff did not have authority to hire or fire anyone.

12. Plaintiff was paid the fixed amount per every week and never received overtime wage.

13. Plaintiff was not required to keep time records and did not have time cards.

14. Plaintiff performed work for Defendants the said hours worked as an express condition of his continued employment.

15. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

16. Plaintiff performed manual labor for Defendants.

17. Plaintiff was assigned to the said manual labor by Defendants.

18. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

19. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

20. Plaintiff was required to report to work for Defendants at a certain time.

21. Plaintiff could not set his own hours of work for Defendants.

22. Defendant Beauty Town International, Inc. is and was at all relevant times hereto engaged in the business of Beauty Supply Wholesale Company.

23. Defendant Beauty Town International, Inc. is and was at all relevant times hereto engaged in the interstate commerce.

24. Defendant Don Park managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

25. Defendant Don Park participated in and approved of the unlawful pay practices of the business at Carlstadt in New Jersey.

26.  Defendant, Don Park was involved in assigning work to Plaintiff.

27.  Defendant, Don Park had the power and authority to discipline Plaintiff.

28.  Defendant, Don Park exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

29.  Defendant Don Park hired Plaintiff.

30.  Defendant Don Park was in charge of paying employees.

31.  Defendant Don Park told Plaintiff where to work and when to work.

32.  Defendants employed Plaintiff to do work for them in the States of New Jersey.

33.  Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

34.  Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

35.  Defendants held Plaintiff out as an employee.

36.  Defendants employed and paid Plaintiff as their employee.

37.  Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the N.J.S.A.

38.  Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

39.  Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

40.  Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

41.     No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

42.     Defendants failed to pay Plaintiff overtime wage for all hours worked in excess of 40 hours per workweek.

43.     Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

44.     Defendant Beauty Town International, Inc. a New York corporation and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

45.     Upon information and belief, Beauty Town International, Inc. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

46.     Upon information and belief, Defendant Beauty Town International, Inc., at all relevant times, was an employer as defined by FLSA and N.J.S.A.

47.     Defendant Don Park is a citizen and resident of Bergen County and is the owner and the President, respectively, of Defendant Beauty Town International, Inc.

## JURISDICTION AND VENUE

48.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

49. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

50. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq*.

51. For the period commencing on or about September 18, 2017 until February 9, 2018, and for the period commencing on or about August 9, 2018 until September 10, 2018, Plaintiff Yong Nam Lim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants over eight (8) hours per day and over forty (40) hours per week.

52. During his employment with Defendants, Plaintiff was paid fixed amount of wage per every week regardless of the hours he worked in a day or a week.

53. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

54. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

55. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

56. Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

57.     Pursuant to 29 U.S.C. §207, for all weeks, during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

58.     Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

59.     Defendants' failure and refusal to pay overtime premium at one-half times Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

60.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorney's fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
**Violation of N.J.S.A. - Overtime Wages**

61. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and re-alleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

62. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

63. The matters set forth in this Count arise from Defendants' violation of the overtime wage compensation provisions of the N.J.S.A. 34:11-56.

64. Pursuant to N.J.S.A. 34:11-56a4, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

65. Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

66. Defendants violated the NJSA overtime wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

67. Defendants willfully violated the NJSA overtime wage law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff, respectfully requests that this court enter a judgment providing the following relief:

a) A judgment in the amount of one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

    b)      Reasonable attorney's fees and costs incurred in filing this action; and

    c)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: December 7, 2018

    /s/ Ryan Kim
Ryan J. Kim

Ryan Kim Law
163-10 Northern Blvd. Suite 205
Flushing, NY 11358
Attorney for Plaintiff